NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN REYES, MARVIN JACOBS, and RODNEY TAYLOR, on behalf of themselves and all other persons similarly situated, known and unknown | ) ) ) ) | Case No. 10 C 1311 |
| Plaintiffs | ) ) | Judge Castillo |
| v. | ) ) | Magistrate Judge Schenkier |
| CHICAGO TRANSIT AUTHORITY | ) ) ) | |
| Defendant | ) | |

### CTA'S BRIEF IN SUPPORT OF PRELIMINARY
### APPROVAL OF SETTLEMENT AGREEMENT

The parties have tentatively settled this case and now ask this Court to approve their settlement agreement subject to a fairness hearing to be held at a later date. The parties have attached the settlement materials to their joint motion for preliminary approval and have described the settlement agreement in that motion. The CTA here sets forth the criteria used by courts to evaluate settlement agreements and demonstrates that the instant settlement agreement passes the test with flying colors.

The factors looked at by courts in examining settlement agreements for fairness are well known. They are: the strength of the plaintiffs' case on the merits measured against the terms of the settlement agreement; the complexity, length, and expense of continued litigation; the degree of opposition to the settlement; the presence of collusion in gaining a settlement; the opinion of competent counsel as to the reasonableness of the settlement; and the stage of the proceedings and the amount of discovery completed. *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985). Each of these factors supports judicial approval of the settlement agreement herein and, subject to the outcome of the fairness hearing, the incorporation of the settlement

agreement in a stipulated final judgment terminating this case. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

*Merits versus Settlement*. Under the settlement agreement, the CTA agrees to pay up to $301,507.04 in the aggregate allocated in the settlement agreement to all of the persons who have filed consents in writing to become parties to this case except persons who Plaintiffs' attorneys acknowledge are entitled to no relief under 29 U.S.C. Sec. 207. This maximum settlement amount, a portion of which is intended to settle Plaintiffs' hotly contested claim for liquidated damages, is based on a number of overtime cushioning hours determined to be reasonable by the attorneys for the parties. This, the CTA believes, satisfies the first inquiry.

*Continued Litigation*. The CTA believes that years of steady work would be required to litigate all the claims herein. Needless to say, the litigation would be complicated and costly in the extreme. This second inquiry therefore also recommends approval of the settlement agreement.

*Degree of Opposition*. The CTA obviously cannot comment on this factor with any degree of certainty; however, apart perhaps from persons to whom nothing is allocated by the settlement agreement, the CTA has no reason to expect significant opposition to this settlement agreement.

*Presence of Collusion*. The Court is aware of the parties' negotiations to reach a settlement. The Court is aware that, using substantially different methodologies, the parties were not far apart on the amount of hours at issue. The Court is also aware that the wage rate used by the parties for settlement purposes was fair. The Court is also aware that the CTA had significant arguments against liquidated damages. The CTA believes that the Court can conclude without any hesitation that there has been no collusion in reaching the instant settlement agreement.

*Opinion of Counsel*. Counsel for Plaintiffs have opined in the settlement agreement that the settlement agreement is fair, adequate, reasonable, and in the best interests of Plaintiffs.

*State of Proceedings*. The proceedings are advanced enough for Plaintiffs' attorneys to have had the opportunity to examine Plaintiffs' personnel and payroll records as well as voluminous amounts of other pertinent CTA documents. Plaintiffs' counsel realize fully how complex and protracted additional litigation in this case is likely to be.

Based on the foregoing, the Court should preliminarily approve the settlement agreement as fair, adequate, reasonable, and in the best interests of Plaintiffs and should enter an order so approving the settlement agreement in substantially the form as the order attached to the settlement agreement as Exhibit B.

Dated: June 1, 2011

Respectfully submitted,

CHICAGO TRANSIT AUTHORITY

By: s/David M. Novak
       One of Its Attorneys

James P. Daley
David M. Novak
Melissa A. Siebert
Edward M. Graham
James D. Thomas
K&L Gates LLP
70 W. Madison, Suite 3100
Chicago, Illinois 60602
(312) 372-1121

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing CTA's Brief in Support of Preliminary Approval of Settlement Agreement was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 1st day of June 2011, to the following:

> Marisel A. Hernandez
> Sherrie E. Voyles
> William W. Leathem
> Taylor E. Muzzy
> Jacobs, Burns, Orlove & Hernandez
> 122 S. Michigan, Suite 1720
> Chicago, Illinois  60603

> s/David M. Novak
> David M. Novak