UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 0 6 2011
Jun 6, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HERMAN REYES, MARVIN JACOBS, and )
RODNEY TAYLOR, on behalf of themselves )
and all other persons similarly situated, )
known and unknown )
                                   )    Case No. 10 C 1311
                 Plaintiffs )
                                     )    Judge Castillo
        v. )
                                       )    Magistrate Judge Schenkier
CHICAGO TRANSIT AUTHORITY )
                                       )
               Defendant )

## NOTICE OF SETTLEMENT AGREEMENT AND HEARING

YOU HAVE GIVEN YOUR CONSENT IN WRITING TO BE A PARTY PLAINTIFF IN THE ABOVE-CAPTIONED LAWSUIT CURRENTLY PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. A SETTLEMENT AGREEMENT IN THE CASE HAS BEEN REACHED. THIS NOTICE EXPLAINS YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT AGREEMENT AS WELL AS YOUR RIGHTS WITH RESPECT TO THE PROCESS OF OBTAINING JUDICIAL APPROVAL OF THE SETTLEMENT AGREEMENT.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT AGREEMENT.

### NOTICE

NOTICE IS HEREBY GIVEN, pursuant to an Order of the United States District Court for the Northern District of Illinois dated June 3, 2011, that a hearing will be held before the Honorable Sidney I. Schenkier in Room 1726 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois 60604 on August 1, 2011 at 9:00 a.m. The purpose of this hearing is to determine the fairness, adequacy, and reasonableness of a settlement agreement which is intended to settle your claims against the Chicago Transit Authority in the above-captioned case.

The full terms of the settlement are set forth in a settlement agreement dated May 31, 2011. The settlement agreement and the complaint and other pleadings filed in the case are on

file with the Clerk of the Court. If you want to obtain a copy of the settlement agreement or any other document related to this case, see the section of this Notice entitled "Inspection of Documents and Responses to Your Questions." This Notice generally describes the terms of the settlement agreement, but the settlement agreement itself is the controlling document and will govern in the case of any conflict with the provisions of this Notice.

### DESCRIPTION OF THE CASE

Herman Reyes, Marvin Jacobs, and Rodney Taylor filed this case on February 25, 2010 alleging that the CTA was violating the federal Fair Labor Standards Act by not paying overtime compensation to bus operators for time spent in route familiarization sometimes referred to as "cushioning." You and more than eleven hundred present and former CTA bus operators have given consents in writing to become Plaintiffs in this case and, in those consents, have given written authorization to the Settlement Committee (consisting of the named Plaintiffs Herman Reyes, Marvin Jacobs, and Rodney Taylor) to represent you in, and have agreed in writing to be bound by, any settlement of the case of adjudication by the Court. Prior to the resolution of the case, attorneys for Plaintiffs, attorneys for the CTA, and the Settlement Committee authorized in writing by all Plaintiffs reached a settlement agreement.

### TERMS OF THE SETTLEMENT

A.     *Cash Settlement.* The CTA has agreed to pay to Plaintiffs up to $301,507.04 in the aggregate allocated individually in the settlement agreement. If this paragraph allocates nothing to you, your attorneys have determined that you are entitled to no relief under 29 U.S.C. Sec. 207. *The settlement agreement allocates $256.12 to you.* This amount is a settlement of your claim for overtime pay and is subject to withholding by the CTA for taxes. *The settlement agreement also allots $51.22 to you.* This amount is a settlement of your claim for liquidated

damages and will not be subject to withholding by the CTA for taxes. The CTA will issue an IRS Form 1099 for this amount. <u>YOU DO NOT HAVE TO DO ANYTHING TO RECEIVE YOUR PAYMENT IF YOU ARE ENTITLED TO ONE UNDER THE SETTLEMENT AGREEMENT.</u> The CTA will pay the sums allocated to the settlement within 45 days after final Court approval of the settlement agreement provided that no notice of appeal challenging the settlement agreement has been filed. If such a notice of appeal has been filed, the CTA will pay the sums allocated to the settlement within 45 days after all appellate proceedings have been completed and the settlement agreement has been determined to be valid and binding. The CTA will make the payments by checks sent by first class mail, postage prepaid, to the last known addresses of Plaintiffs. Said checks shall be valid for not less than 120 days from their issuance and the CTA shall have no liability to Plaintiffs who do not cash their checks within this period. If the Court does not give final approval to the settlement agreement or if the settlement agreement is determined not to be valid and binding, the CTA has no obligation to and will not pay Plaintiffs the sums allocated to them in the settlement agreement.

      B. *Release of Claims.* Under the settlement agreement, if approved by the Court, each Plaintiff fully, finally, and forever releases, relinquishes, discharges, and waives any and all claims he or she has or might have against the CTA, its officers, board and board members, employees, attorneys, and agents arising from any act, omission, or occurrence from the beginning of time until the date the settlement agreement is signed on account of any and all loss or damages of any kind whatsoever, known or unknown, allegedly sustained or which may hereafter be sustained allegedly in consequence of, arising out of, resulting from, or relating to any and all wage and hour allegations or wage and hour claims which have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, occurrences, or subject

matter described in or encompassed by, this case, including but not limited to all claims under: (a) the Fair Labor Standards Act; (b) the Portal-to-Portal Pay Act;(c) the Illinois Minimum Wage Law; (d) the Illinois Wage Payment and Collection Act; or (e) any other federal or state law, local ordinance, or regulation governing minimum wages, hours, or overtime compensation. This release, however, does not extend to ATU Local 241 Grievance No. 10-0164 except that no Plaintiff may recover any time and one-half overtime pay as a result of ATU Grievance No. 10-1064 for hours cushioned.

C.    *Attorney Fees*.  The CTA in the settlement agreement has agreed to pay your attorneys $350,000.00 in fees and costs for this case.  This amount does not represent all of the fees and costs incurred by your attorneys in this case, but rather represents the amount that CTA agrees is reasonable based on the work performed by your attorneys in this case.  The CTA has agreed to bear its own attorney fees and costs.

## WHY THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

The settlement was negotiated before the Federal Judge who is overseeing this case, by Plaintiffs' attorneys, attorneys for the CTA, and a Settlement Committee representing all Plaintiffs. The settlement amount is based on a number of overtime cushioning hours determined to be reasonable based on a review of cushion ride sheets, payroll records, and voluminous amounts of other pertinent CTA documents, and a portion of the settlement amount is intended to settle Plaintiffs' hotly contested claim for liquidated damages. Years of additional work would be required to litigate all the claims in this case, and the litigation would be complicated and costly. There was no collusion between the parties in reaching the settlement agreement.  Plaintiffs' counsel are of the opinion that the settlement agreement is fair, adequate, and reasonable and in the best interests of Plaintiffs.

## HOW TO OBJECT TO JUDICIAL APPROVAL
## OF THE SETTLEMENT AGREEMENT

As stated at the beginning of this Notice, a hearing will be held on August 1, 2011 for the Court to determine whether the settlement agreement is fair, adequate, and reasonable and, if so, whether to give it final approval. If you believe that the settlement agreement is fair, adequate, and reasonable, you need do nothing. If, however, you object to the settlement agreement, or any part of it, you must file your objection in writing with the Court. Your written objection must contain the caption of this case and must be filed with the Court on or before July 15, 2011; in the event you file your written objection with the Court by mail, it must be received by the Court in time to be filed by July 15, 2011. Written objections must be sent to: Clerk of the Court, United States District Court, 219 S. Dearborn Street, Chicago, Illinois 60604. A copy of your written objection must also be sent, postage prepaid and postmarked by July 15, 2011, to William W. Leathem, one of your attorneys, at Jacobs Burns Orlove & Hernandez, 122 South Michigan Avenue, Suite 1720, Chicago, IL 60603. If you timely file a written objection you may appear at the settlement hearing to address the Court regarding your written objection, but it is not a requirement that you appear in court to present your written objection. All written objections will be considered by the Court. If you wish to be heard orally at the hearing, you must indicate in your written objection your intention to appear at the hearing. You will not be represented by Plaintiffs' attorneys, Jacobs Burns Orlove & Hernandez, with respect to any objection that you file. If you want legal representation regarding any objection you file, you will have to obtain your own legal counsel. Any objection not filed or served in conformity with the above procedures shall be deemed to have been waived.

The Court cannot change the terms of the settlement agreement as a result of any objections. The only ruling that the Court may make is whether to approve or to reject the settlement

agreement in its totality. Revisions cannot be made without the mutual agreement of the parties through their attorneys.

## RIGHTS OF APPEAL

Only Plaintiffs who timely object to judicial approval of the settlement agreement in the manner described above shall have any right to appeal final approval of the settlement agreement by the Court.

## EFFECT OF THIS SETTLEMENT
## ON YOUR RIGHTS

The final approval of the settlement agreement will effect a release of the claims described above for those who have accepted the settlement agreement and will foreclose any right they might have to bring a lawsuit for claims arising out of the facts, transactions, or subject matter described in or encompassed by the complaint and the amended complaint in this case.

## INSPECTION OF DOCUMENTS
## AND RESPONSES TO YOUR QUESTIONS

Should you wish to examine copies of any documents, including the settlement agreement, filed with this Court in this case, you may visit or contact the Office of the Clerk for that purpose, United States District Court for the Northern District of Illinois, during business hours, 9:00 a.m.-4:30 p.m., 219 S. Dearborn Street, 20th Floor, Chicago, Illinois. A full copy of the settlement agreement may be obtained from your counsel at the pre-paid cost of $25.00 to cover copying costs, mailing costs, and administrative costs.

Should you have any questions for your counsel, you may write to such counsel at:

William W. Leathem
Taylor Muzzy
Sherrie E. Voyles
P.O. Box [number]
Chicago, Illinois 60603

or you may telephone William W. Leathem, Taylor Muzzy, or Sherrie E. Voyles at (312) 372-1646 during normal business hours between 9:00 a.m. and 5:00 p.m., Monday through Friday.

## CHANGE OF ADDRESS

If your address has changed recently or if this notice was not sent to your current address, please notify your counsel in writing at the above address.

OTHER THAN TO OBTAIN INFORMATION ABOUT INSPECTING THE COURT FILES IN THIS CASE, PLEASE DO NOT CONTACT THE COURT OR THE CLERKS' OFFICES FOR INFORMATION ABOUT THE SETTLEMENT AGREEMENT.

By Order of the Court, United States District Court, Northern District of Illinois